**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:03-CR-40-02 |
| | § | |
| ANDREW MARK HARRIS | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 17, 2010, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Andrew Mark Harris. The government was represented by Gregg Marchessault, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by the court-appointed federal defender, Ken Hawk.

Defendant originally pleaded guilty to Possession with Intent to Distribute and Distribution of Methamphetamine, a Class B felony. The offense carried a statutory maximum imprisonment term of 40 years. The United States Sentencing Guideline range, based on a total offense level of 27 and a criminal history category of III, was 87 to 108 months. On April 4, 2004, District Judge William M. Steger sentenced Defendant to 87 months of imprisonment followed by a term of four years of supervised release, subject to the standard conditions of release, plus special conditions to include drug treatment. On October 23, 2009, Defendant completed the term of imprisonment and began the term of supervised release.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from possessing a controlled substance, and if, as part of drug testing, a defendant tests positive for illegal controlled substances more than three times over the course of one year, the Court shall revoke the terms of supervised release to serve a term of imprisonment. 18 U.S.C. §§ 3583(g)(1), 3583 (g)(4).

In its petition, the government alleges that Defendant violated his condition of supervised release by possessing methamphetamine, a Grade B violation .[1] The government further alleges that Defendant violated his condition of supervised release by possessing marijuana, a Grade C violation.[2] The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for both offenses.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than three years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to § 7B1.3(a)(1) of the Sentencing Guidelines, violating a condition of supervision by possessing methamphetamine would result in the Court revoking Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range is 8 to 14 months. U.S.S.G. § 7B1.4(a). A similar violation of the condition of supervised release for possession of marijuana would result in the Court revoking Defendant's terms of supervised release in favor of a term of imprisonment lasting 5 to 11 months. The Court notes, however, that U.S.S.G. § 7B1.1(b) indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case that is the Grade B violation for possession of methamphetamine.

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the

---

[1] Such an offense would also be a violation of Texas Health and Safety Code § 481.115.

[2] Such an offense would also be a violation of Texas Health and Safety Code § 481.121.

acts as alleged in the government's petition. In exchange, the government agreed to recommend that Defendant serve 12 months and 1 day in prison with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Andrew Mark Harris, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 12 months and 1 day with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be Three Rivers, Texas.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 23rd day of February, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE